UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TROY GREEN,                              :        16cv3872 (DLC)
                                         :
                Plaintiff,               :
                                         :        MEMORANDUM OPINION
         -v-                             :           AND ORDER
                                         :
THE CITY OF NEW YORK, et al.,            :
                                         :
                Defendants.              :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

    On August 4, 2017, the plaintiff Troy Green was ordered to submit his discovery responses and provide a date for his deposition by August 8.  The plaintiff has failed to do so.  The defendants request that this case be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.  For the reasons that follow, this case is dismissed with prejudice.

    The complaint in this case was filed on May 24, 2016.  The gravamen of this action is the plaintiff's claim that he was subject to a false arrest on June 28, 2014 when the police, responding to a 911 call regarding a gun, arrested the plaintiff for gun possession.  At the scene of the arrest, a civilian witness identified the plaintiff as the person who possessed the gun and the police recovered a gun near the plaintiff.

    The case is subject to the Section 1983 Plan under Local

Rule 83.10.  Mediation was unsuccessful, and an initial conference was held on June 2, 2017.  At that conference, discovery was scheduled to close on August 25, 2017.  The plaintiff was to provide any affidavit by August 18, 2017 from the civilian witness addressing his purported identification of the plaintiff as the person possessing the gun, and the parties were given until August 25 to address any such affidavit or its absence.

According to an August 1 letter from the defendants, the plaintiff failed to provide timely responses to the defendants' June 2 discovery requests.  On August 2, this Court ordered that "the plaintiff shall respond to all interrogatories and document requests by August 4 at noon."

The plaintiff failed to comply with the August 2 Order.  During a telephone conference on August 4, counsel for the plaintiff noted that he had not been in contact with his client since June 9, 2017; the plaintiff had moved home addresses earlier in the year; and he would not be able to provide an affidavit from the civilian witness by August 18.  An August 4 Order required the plaintiff to serve his outstanding discovery responses by August 8 and by August 8 to schedule his deposition, to occur on or before August 25.  The Court also

ordered that "should the plaintiff fail to timely serve his discovery responses or schedule his deposition, the parties may submit a letter by August 11 about whether this action should be dismissed with prejudice under Rule 41(b), Fed. R. Civ. P., for failure to prosecute."

The defendants' August 11 Rule 41(b) letter recites the plaintiff's failure to comply with the August 4 Order by failing to provide discovery responses and to schedule his deposition. The defendants have not received any responses to their June 2 discovery demands and interrogatories. The plaintiff did not respond to the August 4 Order or the defendants' August 11 letter.

Rule 41(b), Fed. R. Civ. P. provides that: "If the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." There are five factors to weigh when deciding a Rule 41(b) motion:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). "No single factor is generally dispositive." Id. (citation omitted). Dismissal must "be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." Id. at 217 (citation omitted). "[T]he sanction of dismissal with prejudice . . . should be used only in extreme situations." Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (citation omitted). Dismissal under Rule 41(b) must be premised "upon a finding of willfulness, bad faith, or reasonably serious fault." Id. (citation omitted).

Dismissal with prejudice is warranted here. The plaintiff has not meaningfully communicated with the defendants since the parties' initial conference with the Court. Similarly, the plaintiff's last filing with this Court was on April 18. The plaintiff has failed to comply with the Court's August 2 and August 4 Orders. The August 4 Order put the plaintiff on notice that failure to comply could lead to a Rule 41(b) dismissal with prejudice. The plaintiff was provided with a fair opportunity to supply his responses and schedule his deposition, and to respond to this application for dismissal.

4

The case has been pending on the Court's docket for over a year. The defendants have been prejudiced by the plaintiff's unwillingness to participate in discovery and communicate meaningfully. Further delay will prejudice the defendants because they will have to expend time and resources on a case where the plaintiff has refused to participate. Finally, there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate. The plaintiff, despite his counsel's attempts, has made no serious effort to participate in the case, and there is no basis to find that assessing a financial penalty against the plaintiff would alleviate the docket management concerns generated by the plaintiff's behavior in this case.

## **Conclusion**

The defendants' August 11, 2017 request for a motion to dismiss under Rule 41(b), Fed. R. Civ. P. is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated: New York, New York
August 22, 2017

                                    _____
                                              DENISE COTE
                                    United States District Judge